IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JERALD AND JOY SHOUSE, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. CIV-05-831-HE |
| | ) |
| ROBERT PRICE, et al., | ) |
| | ) |
| Defendants. | ) |

### REPORT AND RECOMMENDATION

Plaintiffs Jerald Shouse and Joy D. Hightower Shouse, appearing pro se, bring this action pursuant to 42 U.S.C. § 1983 alleging a violation of their constitutional rights. Plaintiff Jerald Shouse is a state prisoner, whereas Plaintiff Joy Shouse, described as Jerald's common-law wife, is not alleged to be incarcerated.[1] Pursuant to an order by United States District Judge Joe Heaton, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that Plaintiff Joy Shouse be dismissed from this action without prejudice.

In reviewing the complaint initially, the undersigned noted that it was only signed by Plaintiff Jerald Shouse. Under the Federal Rules of Civil Procedure, every pleading filed by a pro se party must be signed by that party. Fed.R.Civ.P. 11; see also Barsch v. Brann, No. 97-15064, 1997 WL 557007, at **1 n. 1 (9th Cir. Sept. 4, 1997) ("because Barsch's wife, Juliet Barsch, did not sign the complaint, we conclude that she was not a party before the district court") (unpublished disposition). Moreover, a pro se party is not

---

[1] Plaintiffs allege that she is awaiting sentencing by the Kay County District Court. Complaint, p. 2A.

permitted to sign or appear on behalf of another party. See 28 U.S.C. § 1654 ("parties may plead and conduct their own cases personally or by counsel"). Unless omission of a signature is corrected promptly, after being called to the attention of the party in question, the unsigned paper will be stricken. Fed.R.Civ.P. 11. In this instance, the unsigned paper is the complaint – the opening pleading in the action – and so in an order dated July 28, 2005, Plaintiffs were advised of the above and they were cautioned that striking the complaint would result in dismissal of this action without prejudice.

Plaintiffs were given twenty days to present a complaint which was signed by both pro se parties, or by an attorney of record representing both of them, or in which the Plaintiff Joy Shouse was be dismissed from the complaint. Plaintiff Jerald Shouse has now responded to the order, stating that Plaintiff Joy Shouse is still unavailable to sign the original complaint. He therefore requests that she be dismissed from the case without prejudice so that she can be added to the complaint at a later date if found.[2]

In light of the fact that Joy Shouse has not signed the complaint, and that Plaintiff Jerald Shouse represents that he "cannot find her and persuade her to sign said complaint," it is recommended that she be dismissed without prejudice from this action. It is further recommended that Plaintiff Jerald Shouse be directed to file an amended

---

[2]The parties are hereby cautioned with regard to the statute of limitations issues which have been created by this situation. Because the incident which gives rise to this action allegedly occurred on August 10, 2003, any future action by Joy Shouse would ordinarily be barred by the applicable two-year statute of limitations. Meade v. Grubbs, 841 F.2d 1512, 1523 (10th Cir.1988) (applying two year statute of limitations to 1983 actions arising in Oklahoma). However, under Oklahoma's so-called "savings statute," "[i]f any action is commenced within due time, and …the plaintiff fail[s] in such action otherwise than upon the merits, the plaintiff … may commence a new action within one (1) year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed." Williams v. City Of Guthrie, No. 03-6212, 2004 WL 1987294, at **2 (10th Cir. Sept. 8 2004) (quoting Okla. Stat. tit. 12, § 100). (Unpublished disposition cited as persuasive authority pursuant to Tenth Circuit Rule 36.3).

complaint within twenty (20) days of any order adopting this Report and Recommendation, in which he raises only his claims.

### **RECOMMENDATION**

For the reasons set forth above, it is recommended that Plaintiff Joy Shouse be dismissed without prejudice from this action for failure to sign the complaint. It is further recommended that Plaintiff Jerald Shouse be directed to file an amended complaint within twenty days of any order adopting this Report and Recommendation, in which he raises only his claims. Plaintiffs are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by September 22nd, 2005, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Plaintiffs are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal questions contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation does not dispose of all issues referred to the undersigned Magistrate Judge in the captioned matter. The Clerk of the Court is instructed to forward a copy of this Report and Recommendation to the District Attorney of Kay County on behalf of the Defendants.

ENTERED this 2nd day of September, 2005.

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE