## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JERALD AND JOY SHOUSE,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **vs.** ) | **Case No. CIV-05-831-HE** |
| ) | |
| **ROBERT PRICE, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## REPORT AND RECOMMENDATION

Plaintiff Jerald Shouse, a state prisoner appearing pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights.  Pursuant to an order by  United States District Judge Joe Heaton, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).  For the following reasons, it is recommended that this action be dismissed without prejudice.

## I.  PROCEDURAL POSTURE

In his original complaint, Plaintiff and Joy D. Hightower Shouse, also appearing pro se and described as Plaintiff's common-law wife both joined as Plaintiffs in this action.  Joy Shouse was alleged not to be incarcerated.  In reviewing the complaint initially, the undersigned noted that it was only signed by Plaintiff Jerald Shouse. Plaintiffs were given twenty days to present a complaint which was signed by both pro se parties, by an attorney of record representing both of them, or which had been amended to exclude Joy Shouse as a party plaintiff.  Plaintiff Jerald Shouse  responded to the order stating that Plaintiff Joy Shouse was unavailable to sign the original

complaint, and requesting that she be dismissed from the case without prejudice so that she could be added as a party Plaintiff later, if found.

In light of that response, it was recommended that Joy Shouse be dismissed without prejudice from the action and that Plaintiff Jerald Shouse file an amended complaint raising only his own claims. [Doc. No. 7].  Judge Heaton adopted that Report and Recommendation on November 1, 2005, and Plaintiff filed his amended complaint on November 10, 2005. [Doc. Nos. 8, 9].

In the one-count amended complaint, Plaintiff[1] alleges that Defendants violated his rights to due process and equal protection, as well as his right to be free from unreasonable searches and seizures, under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.  Complaint, p. 3.  More specifically, he alleges that on August 10, 2003, while he "was staying with his common-law wife as a guest/visitor" with their four-year-old son, the Defendants searched the home without a warrant, probable cause, exigent circumstances, or consent.  Complaint, p. 3-3A.  He alleges that he and his wife were taken into custody, his son was taken into the custody of the Department of Human Services(DHS), and that several items were seized from the home.  Complaint, p. 3A.  He alleges that Defendants used the items "seen and/or taken" from the home to apply for a search warrant for the home, and that as a result of the unlawful arrest, "statements were seized from Plaintiff unlawfully" and he suffered damages in the form of damage to his reputation, a felony conviction, unlawful seizure of his child, and attorney's fees.  Complaint, p. 3A.  Named as Defendants are Bill Groce,

---

[1]Although Joy and Jerald Shouse were both Plaintiffs in the action as it was originally brought, "Plaintiff" will be used hereinafter to refer only to Jerald Shouse.

Kay County Deputy Sheriff; Dana Wilson, Ponca City Police Officer; Jon Boyd, Tonkawa City Police Officer; Robert Price, Tonkawa City Police Officer; Jeffery Lynch, Tonkawa City Police Officer; Gary Wingo, Tonkawa City Police Chief; and Lewain Learned, Kay County Deputy Sheriff.

Defendants Price, Groce and Learned and Wilson have now filed three separate motions to dismiss. [Doc. Nos. 28,32, 33].[2] Plaintiff has responded, and Defendant Price, and Defendants Groce and Learned have replied. [Doc. Nos. 34, 39, 41]. Thus, the motions are at issue and ready for disposition.

## II. DEFENDANTS' MOTIONS TO DISMISS

All four Defendants who have moved to dismiss Plaintiff's amended complaint have argued that Plaintiff's amended complaint should be dismissed under the rule in Heck v. Humphrey, 512 U.S. 477 (1994). In addition, Defendant Wilson has moved for dismissal on grounds of qualified immunity and on grounds that Plaintiff has failed to state a claim against him in his official capacity. [Doc. No. 33]. However, because the undersigned agrees that this action is premature under the Heck doctrine, it is unnecessary to address any other grounds in support of dismissal.

In Heck, the Supreme Court reiterated that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." Id. at 481. As explained by the Court:

---

[2]Defendants Boyd, Lynch, and Wingo have not been served.

3

We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid*, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Heck v. Humphrey, 512 U.S. 477, 486-487 (1994) (emphasis added).  Thus, Plaintiff's § 1983 claim is improper if a judgment for him would necessarily imply the invalidity of his conviction or sentence, even if that is not the relief he seeks in this action. See Heck, 512 U.S. at 487.  If such is the case, the complaint must be dismissed without prejudice unless or until Plaintiff shows that his conviction or sentence has already been invalidated.  Id.

In this case, Plaintiff's claim hinges on his allegation that Defendants unlawfully entered the residence without a search warrant.  Complaint, p. 2, 3A.  He alleges that he and his common law wife were taken into police custody and his four-year-old son was taken into DHS custody upon this unlawful entry, and that Defendants used the information and items obtained from the unlawful entry to obtain a warrant which in turn led to Plaintiff's felony conviction. Complaint, p. 2, 3A.  Although Plaintiff alleges other harm as a result of the allegedly unlawful search and seizure, his claim that it led

4

to his conviction leads the undersigned to find that his success in this action would logically call into question the validity of that conviction. Accordingly, this action is barred by <u>Heck</u> unless he can demonstrate that his conviction or sentence has been invalidated. <u>Parris v. United States</u>, 45 F.3d 383, 384-85 (10th Cir. 1995) (dismissing <u>Bivens</u> claim against an assistant federal public defender who represented him at trial, on basis of rule established in <u>Heck</u>, since plaintiff claimed that the government's evidence was fabricated, false, and perjured); <u>Higgins v. City of Tulsa</u>, No. 03-5193, 2004 WL 1447971, at **1-2 (10th Cir. June 29, 2004) (§ 1983 claim that defendants conspired to fabricate incriminating evidence and to conceal exculpatory evidence in order to convict plaintiff barred by <u>Heck</u> because convictions not reversed or otherwise invalidated); <u>Quarterman v. Crank</u>, No. 00- 8015, 2000 WL 988312 (10th Cir. July 6, 2000) (affirming district court's dismissal under <u>Heck</u> of plaintiff's claims that defendants induced perjured testimony, planted evidence, and entrapped and prosecuted her for another's wrongdoing).[3]

In response to the motions to dismiss, Plaintiff claims that since he is not challenging his conviction, <u>Heck</u> does not apply.  However, as noted above, the <u>Heck</u> doctrine is applicable to a claim for damages in a § 1983 action.  Plaintiff also claims that because he has suffered serious injuries other than a conviction – in particular, loss of his four-year-old son – and that "the search would have taken place regardless of the warrantless search," the <u>Heck</u> doctrine does not apply.  Plaintiff's Response, p. 3.  He claims that under <u>Heck</u>, a suit for damages under § 1983 can still lie if the challenged

---

[3]Unpublished dispositions cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.

search produced evidence that would have been "inevitably discovered" without the unlawful search and seizure.  Id.  He claims that because "as maintained by the state, no evidence found or obtained during the first warrantless search at 5:00 a.m. was used to obtain the search warrant," the later search conducted pursuant to a search warrant would "obviously ... have taken place regardless of the warrantless search which Plaintiff herein argues was violative of his 4th and 14th Amendment rights to due process and prohibition against unlawful and unreasonable searches and seizures."  Plaintiff's Response, p. 3.

Defendants Price, Groce, and Learned reply that Plaintiff's response to the motion to dismiss is entirely inconsistent with his amended complaint, which is based entirely upon the illegality of the initial search and his allegation that it led to his conviction. Reply of Defendant Price, p. 2-3; Reply of Defendants Groce and Learned, p. 2.  These Defendants also point out that Plaintiff alleges in the amended complaint that the issue of the illegal entry and unlawful search and seizure were raised in his criminal trial and appeal, and that "the very issues propounded by the Plaintiff have been affirmed in his criminal matter...."  Reply of Defendants Groce and Learned, p. 3; accord Reply of Defendant Price, p. 3.  Defendants Price, Groce, and Learned assert that Plaintiff is attempting to reformulate his allegations to avoid Heck and present a cognizable claim. Id.

The undersigned agrees with Defendants. Despite Plaintiff's attempt to cast his claim in a different light via his response to the motions to dismiss, the amended complaint clearly presents allegations that, if proven, will undermine the validity of

Plaintiff's outstanding criminal judgment.  Although he alleges that more than one harm resulted from the illegal entry and unlawful search and seizure, one of the harms[4] alleged is clearly his conviction on charges of drug trafficking.  He also alleges that he has presented the very same issues raised in this § 1983 action in his criminal action, further supporting a conclusion that an action for damages for the allegedly unconstitutional search and seizure would serve to again call into question the validity of his conviction. Accordingly, it is recommended that the motions to dismiss of Defendants Price, Wilson, Groce, and Learned be granted, and that this action be dismissed without prejudice under Heck v. Humphrey, 512 U.S. 477(1994).

## **RECOMMENDATION**

For the reasons set forth above, it is recommended that this action be dismissed without prejudice pursuant to Heck v. Humphrey, 512 U.S. 477 (1994).  Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by May 16, 2006, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein.  Moore v. United States, 950 F.2d 656 (10th Cir. 1991).  This

---

[4]Even if Plaintiff's action would not necessarily imply the invalidity of his conviction, and so could move forward, the undersigned notes that compensatory damages for an allegedly unreasonable search and seizure cannot  encompass the injury of being convicted and imprisoned, including those stemming from incarceration, until the conviction has been overturned.  Heck v. Humphrey, 512 U.S. 477, 487 n. 7 (1994); Harper v. Ashcroft, Nos. 04-1179, 04-1210, 113 Fed.Appx. 324, 327 (10th Cir. Sept. 24. 2004) (loss of "recreational activities," "confidence," and "sleep" are injuries stemming entirely from  incarceration and are not compensable).

Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 26th day of April, 2006.**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE