# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JERALD SHOUSE, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-05-0831-HE |
| ) | |
| ROBERT PRICE, ET AL., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff, a state prisoner appearing pro se, brings this action pursuant to 42 U.S.C. §1983 seeking damages for alleged violations of his constitutional rights. Consistent with 28 U.S.C. § 636(b)(1)(B), the matter was referred to Magistrate Judge Doyle W. Argo who issued his Report and Recommendation recommending that the motions to dismiss the amended complaint filed by defendants Robert Price, Bill Groce, Lewain Learned and Dana Wilson [Doc. Nos. 28, 32, 33] be granted.[1] [Doc. #44]. The matter is currently before the court on plaintiff's objection to the Report and Recommendation.[2]

Plaintiff alleges in the amended complaint that the defendants, at approximately 5:00 a.m. on August 10, 2003, entered and searched the home he was staying in "without a warrant, probable cause, exigent circumstances, or consent." Amend. Compl., p. 3A.[3] He

---

[1]*As noted by Judge Argo, defendants Jon Boyd, Jeffery Lynch and Gary Wingo have not been served in this action.*

[2]*Because plaintiff has objected to the Report and Recommendation, the matter is reviewed de novo. 28 U.S.C. § 636(b)(1)(C).*

[3]*Plaintiff states the defendants entered his residence after they allegedly detected an odor of ether coming from the home at approximately 1:00 to 2:00 a.m. Amend. Compl., pp. 3-3A.*

claims both he and his wife were taken into custody at that time and his four-year-old son was placed in the custody of the Oklahoma Department of Human Services. Several items were allegedly taken during the early morning search and, as a result of the items "seen and/or taken," plaintiff states the defendants applied for and were granted a search warrant for the home which they executed later that same day. Id. He claims that, as a result of the initial unlawful entry, search and seizure, which allegedly formed the basis of the subsequent search and seizure, his child was seized from him unlawfully, he was illegally arrested, statements were seized from him unlawfully, his reputation and character were severely damaged, he suffered a felony conviction for drug trafficking and is currently serving a sentence of life without parole, and spent $16,000 in attorney's fees defending against the criminal trafficking charge. Id.

Based on the allegations contained in the amended complaint, the magistrate judge concluded in the Report and Recommendation that plaintiff's § 1983 claims were barred under Heck v. Humphrey, 512 U.S. 477 (1994), because they necessarily implied the invalidity of his conviction.[4] In particular, Judge Argo noted that plaintiff's claims turned on his allegation that the defendants had "used the information and items obtained from the

---

[4]*In Heck, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. Heck, 512 U.S. at 486-87.*

unlawful entry to obtain a search warrant which in turn led to Plaintiff's felony conviction." R&R, p. 4.

In Heck, the Supreme Court noted that "a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction." Heck, 512 U.S. at 488 n.7. "Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful." Id. (internal citations omitted).

In cases involving claims of unlawful search and seizure, the Tenth Circuit has recognized that Heck does not automatically bar all claims. See, e.g., Beck v. City of Muskogee Police Dept., 195 F.3d 553, 557-59 (10th Cir. 1999) (rejecting a blanket application of Heck and noting that Heck did not bar the plaintiff's claims of unlawful arrest and unreasonable search and seizure because ultimate success on those claims would not necessarily imply the invalidity of plaintiff's conviction for rape). See also Quarterman v. Crank, 221 F.3d 1352, 2000 WL 988312, at *2 ("Allegations of an illegal search and seizure . . . do not always implicate the validity of a conviction.").[5] However, in the "rare situation" where all of the evidence against the plaintiff was obtained as a result of an allegedly illegal search and seizure, the Heck bar applies because such a claim would necessarily imply the

---

[5]*Quarterman, and all other unpublished opinions referred to herein, are cited for persuasive value only pursuant to 10th Cir. R. 36.3(B).*

invalidity of the conviction. See Trusdale v. Bell, 85 Fed.Appx. 691, 693, 2003 WL 23033375 (10th Cir. Dec. 30, 2003) (concluding Heck barred prisoner's § 1983 claims because court was faced with a rare situation where all of the evidence obtained was the result of the execution of an allegedly invalid no-knock search warrant). See also Beck, 195 F.3d at 559 n.4.

As noted above, plaintiff described his claims in the amended complaint in such a fashion as to fall squarely within the rule and rationale of Heck. He alleged that all of the evidence at trial was obtained as a result of the initial, allegedly unlawful, search. Therefore, a determination that the search was illegal would necessarily imply the invalidity of his criminal conviction. However, confronted with motions to dismiss based on Heck and the Magistrate Judge's determination, plaintiff shifted his position. In his response to the Report and Recommendation, plaintiff now asserts the allegedly illegal search had "absolutely nothing" to do with his criminal conviction. Such an about-face would normally dispose the court to reject plaintiff's position entirely.[6] Here, however, the court concludes there is some support in the prior history of these proceedings which, coupled with plaintiff's pro se status, warrants consideration of plaintiff's argument.

In the direct appeal from his conviction, plaintiff argued that the initial entry into the house was unlawful and that his motion to suppress the evidence should have been granted by the trial court. Shouse v. State of Oklahoma, No. F-2004-1032, at 3 (Okla. Crim. App.

---

[6]*See, e.g., Viernow v. Euripides Dev. Corp., 157 F.3d 785, 800 (10th Cir. 1998) ("we do not favor permitting a party to attempt to salvage a lost case by untimely suggestion of new theories of recovery").*

Sept. 26, 2005). Confining itself to the claim raised on appeal, the Oklahoma Court of Criminal Appeals concluded that the initial entry was lawful based on exigent circumstances and stated that "the trial court could properly have denied the Motion to Suppress on that basis." Op. at 4-6. The appellate court went on to note, however, that the trial court had not reached the issue of the lawfulness of the initial entry in denying the motion to suppress and instead had concluded that the information provided in the affidavit for search warrant, notwithstanding that obtained in the initial search, was sufficient to establish probable cause for a search warrant. Op. at 4.

Given the apparent basis for the trial court's decision and its view that questions as to the legality of the initial entry did not necessarily impact the validity of the search ultimately conducted, it appears a successful challenge to the legality of the initial entry would not necessarily imply the invalidity of plaintiff's criminal conviction. As a result, the court cannot conclude, on a motion to dismiss, that plaintiff's claims are barred in their entirety by Heck. To be sure, any harm or impact plaintiff may have suffered attributable to his conviction is not recoverable unless and until the conviction is invalidated.[7] However,

---

[7]*While a § 1983 suit for damages for illegal search and seizure may proceed even where the underlying conviction has not been invalidated, damages recovered in such a suit "cannot include those for being convicted and imprisoned, at least not until the conviction has been overturned." Beck, 195 F.3d at 559 n.3. See Quarterman, 2000 WL 988312, at \*2 (noting that plaintiff would have to prove both that the search was unlawful and it caused actual, compensable injury beyond the injury of being convicted and imprisoned in order to proceed on her search and seizure claim).*

as at least some of the damages he seeks are arguably not attributable to the conviction,[8] dismissal of the entire case at this juncture is inappropriate.

Accordingly, plaintiff's objection to the Report and Recommendation is sustained in part.  Defendants' motions to dismiss the amended complaint are **GRANTED** insofar as plaintiff seeks damages of any sort attributable to his conviction.  The motions are otherwise **DENIED**.  This matter is recommitted to Judge Argo for further proceedings in accordance with the court's prior order of referral.

**IT IS SO ORDERED.**

Dated this 11th day of July, 2006.

JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[8]*Plaintiff apparently seeks damages for the loss of companionship of his son.  There are a variety of reasons why plaintiff may not ultimately prevail against defendants in this regard and the court intimates no view as to the substantive merit of that portion of his claim which survives.*