## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JERALD SHOUSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CIV-05-0831-HE |
| | ) | |
| ROBERT PRICE, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Plaintiff Jerald Shouse, a state prisoner appearing *pro se*, instituted this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Pursuant to 28 U.S.C. § 636(b)(1)(B), this matter was referred to Magistrate Judge Doyle W. Argo. Defendants Robert Price, Bill Groce, Lewain Learned, and Dana Wilson have filed three separate motions for summary judgment. Plaintiff has filed a motion for sanctions pursuant to Fed.R.Civ.P. 11 against defendant Price's counsel. Judge Argo recommended that the defendants' motions for summary judgment be granted and that the plaintiff's motion for sanctions be denied. The plaintiff filed an objection to the Report and Recommendation, urging that the magistrate judge incorrectly granted summary judgment on his claims and improperly denied his Rule 11 motion.[1]

---

[1]*After the magistrate judge filed his Report and Recommendation, the plaintiff filed his "Response to Defendant Price's Reply to Objection to Price's Motion for Summary Judgment" [Doc. # 119]. This document appears to be plaintiff's sur-reply to defendant Price's reply [Doc. # 111]. Plaintiff's sur-reply was filed without leave of court, see LCvR7.1(i), and over two months after defendant's reply was filed. Accordingly, the sur-reply has not been considered by the court.*

Plaintiff asserts that the magistrate judge did not apply the proper standard in deciding the motions for summary judgment. The court finds no merit in this argument as the Report and Recommendation sets out with some detail the standard applicable to summary judgment motions and there is no indication that this standard was not adhered to.

Plaintiff argues that the magistrate judge incorrectly accorded preclusive effect to the Oklahoma Court of Criminal Appeals' finding that the initial warrantless entry into his home was lawful. He states that he filed this action before the state court made its determination, that one of the state judges issued a dissenting opinion, and that his appeal from the denial of his habeas petition is pending before the Tenth Circuit. The Report and Recommendation sufficiently addresses the plaintiff's argument as to when this action was filed in relation to the state court's determination. *See* Report and Recommendation, p. 13, n.4. Further, the existence of a dissenting opinion as to the state court decision or the pendency of an appeal from the denial of habeas relief does not alter the magistrate judge's analysis as to issue preclusion.[2] Plaintiff also attempts to dispute the facts underlying the state court determination. These efforts are ineffective here, as the court concurs that the state court's decision is preclusive as to this issue.

With respect to his intentional infliction of emotional distress claim brought under the Constitution, the plaintiff asserts that, because of his *pro se* status, the magistrate judge

---

[2]*The plaintiff's appeal of the denial of his habeas petition is no longer pending before the Tenth Circuit. That court denied plaintiff's request for a certificate of appealability and dismissed his appeal.* <u>Shouse v. Jones</u>, *No. 07-6033 (10th Cir. July 9, 2007).*

should have addressed this claim under any applicable amendment. The court is unpersuaded by this argument as the Report and Recommendation clearly addresses this claim under the Fourth, Eighth, and Fourteenth Amendments.

As to his excessive force claim and his motion for sanctions, the plaintiff re-urges the same arguments that the Report and Recommendation has already adequately addressed.

Accordingly, the court **ADOPTS** the Report and Recommendation [Doc. # 118], **GRANTS** the defendants' motions for summary judgment [Doc. Nos. 93, 94, & 96], and **DENIES** the plaintiff's motion for sanctions [Doc. #102].

Summary judgment is entered in the defendants' favor as to the plaintiff's unlawful search and seizure claim, excessive force claim, and intentional infliction of emotional distress claim brought under the Fourth, Eighth, and Fourteenth Amendments. The court declines to exercise supplemental jurisdiction over the plaintiff's intentional infliction of emotional distress claim brought pursuant to state law and this claim is **DISMISSED** without prejudice.

**IT IS SO ORDERED**.

Dated this 8th day of February, 2008.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE